**SHAFFY MOEL**
California State Bar No. 238732
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
shaffy_moeel@fd.org

Attorneys for Mr. Delacruz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 07CR2981-LAB |
| Plaintiff, ) | DATE: January 14, 2008 |
| ) | TIME: 2:00 p.m. |
| v. ) | |
| ) | STATEMENT OF FACTS AND |
| RANDY JOE DELACRUZ, ) | MEMORANDUM OF POINTS |
| ) | AND AUTHORITIES IN SUPPORT |
| Defendant. ) | OF DEFENDANT'S MOTIONS |
| ) | |

**I.**

**STATEMENT OF FACTS**

Mr. Delacruz incorporates by reference the Statement of Facts recounted in his previous motions filed.

**II.**

**THE COURT MUST PRECLUDE ALL OTHER ACT EVIDENCE IN MR. DELACRUZ'S PRIOR RECORD UNDER FED. R. EVID. 402, 403 AND 404(b)**

The government must "provide reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce during its case-in-chief, through impeachment, or during its rebuttal case. Fed. R. Evid. 404(b); United States v. Vega, 188 F.3d 1150, 1554 (9th Cir. 1999). To date, the government has not provided 404(b) notice. The Court should preclude introduction of any evidence of other crimes, wrongs, or acts.

07CR2981-LAB

### III.

### THE COURT MUST PRECLUDE ALL EVIDENCE OF ANY ALLEGED PRIOR CONVICTION UNDER FED. R. EVID. 609

To attack his credibility, the government may attempt to admit evidence that an accused has suffered a conviction for a crime punishable by imprisonment in excess of one year if the court determines that the probative value of the evidence outweighs its prejudicial effect. Fed R. Evid. 609(a)(1); United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995). The government has not provided any notice of 609 evidence. Thus, any 609 evidence must be precluded. Furthermore, the probative value of any such evidence does not outweigh the prejudice to Mr. Delacruz.

### IV.

### THE COURT SHOULD NOT SEND THE INDICTMENT INTO THE JURY ROOM DURING DELIBERATIONS

In the commentary to Model instruction 3.2.1, "Charge Against Defendant Not Evidence," the Committee on Model Jury Instructions, in the Ninth Circuit Manual of Model Jury Instructions, strongly recommends that the Indictment not be sent into the jury room during deliberations. The commentary observed that neither the Federal Rules of Criminal Procedure nor case law require sending a copy of the indictment to the jury room because the indictment is not evidence.

Mr. Delacruz urges this Court to follow the Committee's guidance. The language in the instant indictment "tracks" the language of the charged statutes. Accordingly, it is probable that jurors will be persuaded by the similarities alleged in the indictment returned by the grand jury and the elements which must be proven in the charged statutes. Furthermore, the indictment recites that "the grand jury charges," and this could persuade those jurors without experience with the grand jury system that another jury had already found Mr. Delacruz guilty. Should the Court deny Mr. Delacruz's request to exclude the indictment from the jury room during deliberations, Mr. Delacruz requests that this Court caution the jury that the indictment is not evidence. See United States v. Utz, 886 F.2d 1148, 1151-52 (9th Cir. 1989).

//
//
//

**V.**

**MOTION FOR GRAND JURY TRANSCRIPTS**

The Court should make Grand Jury transcripts available when the defense can show a particularized need. The particularized need present in this case is that at least one witness who testified before the Grand Jury will likely testify at the trial of Mr. Delacruz. The government must produce a transcript of a witness's testimony before the Grand Jury following the direct examination of the witness at trial. 18 U.S.C. § 3500; Dennis v. United States, 384 U.S. 855 (1966); Fed. R. Crim. P. 26.2(f)(3). The defense requests that the government make such transcripts available in advance of trial to facilitate the orderly presentation of evidence and to remove any need for a recess in the proceedings for defense counsel to examine the statement pursuant to Fed. R. Crim. P. 26.2(d).

**VI.**

**MOTION FOR EACH JUROR TO HAVE A SEPARATE COPY OF THE APPROVED JURY INSTRUCTIONS**

Juries consist of lay people who are required to follow the law. Their responsibility becomes more difficult when all twelve jurors have access to only one copy of instructions. Often each juror does not have an opportunity to even read or understand the critical instructions. Consequently, jurors fail to understand the government's burden of proving a case beyond a reasonable doubt.

In this case, there are *specific* elements the government must prove in order to convict Mr. Delacruz of the crimes alleged. The Court will instruct the jury on each of these elements. However, in order for the jury to properly, effectively, and efficiently perform its function of determining whether the government has proven each element beyond a reasonable doubt, each juror also should be provided a written copy of the jury instructions.[1]

//
//
//
//

---

[1] Mr. Delacruz is willing to pay the costs for the additional copies of the jury instructions

## VII.

## **MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE**

Pursuant to Fed. R. Crim. P. 24(a), to provide effective assistance of counsel and to exercise Mr. Delacruz's right to trial by an impartial jury, defense counsel requests the opportunity to personally voir dire the prospective members of the jury.

## VIII.

## **MOTION TO SUPPRESS STATEMENTS**

Mr. Delacruz is not aware of any statements the government is seeking to introduce. On December 10, 2007, this Court granted Mr. Delacruz's motion to set a discovery deadline for the production of any statements allegedly made by Mr. Delacruz. This Court ordered that the government provide to the defense any statements made by Mr. Delacruz by December 20, 2007. As of the date of these motions, the government has not produced any such statements. As trial is quickly approaching and the government has had ample time to prepare the prosecution of this case, Mr. Delacruz requests that should the government attempt to introduce statements allegedly made by Mr. Delacruz now that the discovery deadline for the production of these statements has passed, that the government be precluded from using any such statements at trial.

If, however, this Court ultimately overrules Mr. Delacruz's objection to the admission of any statements made by Mr. Delacruz that have not been discovered to the defense before the discovery deadline, Mr. Delacruz requests that this Court hold a voluntariness hearing to determine the admissibility of any alleged statements. He also moves to suppress any statements given in violation of Miranda. In Dickerson v. United States, 530 U.S. 428 (2000), the Supreme Court held that Miranda warnings are not merely prophylactic; rather, they are of constitutional magnitude. Id. at 444. ("we conclude that Miranda announced a constitutional rule"). If a waiver of Miranda is alleged, the government bears the burden of demonstrating the waiver by clear and convincing evidence. See Schell v. Witek, 218 F.3d 1017, 1023 (9th Cir. 2000) (en banc) ("[c]onstitutional rights may ordinarily be waived only if it can be established by clear and convincing evidence that the waiver is voluntary, knowing, and intelligent") (internal quotation marks and citations omitted). Moreover, this Court must "indulge every reasonable presumption against waiver of fundamental constitutional rights." Id. at 1024 (internal quotation marks and citations omitted).

## IX.

## **CONCLUSION**

For the reasons stated above, Mr. Delacruz respectfully requests that the Court grant his motions, and accord such other relief as seems just.

Respectfully submitted,

Dated: January 3, 2008

/s/ Shaffy Moeel
**SHAFFY MOEEL**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Delacruz