ORIGINAL

1  KAREN P. HEWITT
   United States Attorney
2  STEVE MILLER
   Assistant U.S. Attorney
3  California State Bar No. 138020
   United States Courthouse
4  940 Front Street, Room 5152
   San Diego, California  92189-0150
5  Telephone: (619) 557-5432
   email: steve.miller2@usdoj.gov
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

FILED

2008 JAN -8 PM 4: 17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,      )    CRIMINAL CASE NO. 07cr2981-LAB
                                   )
11            PLAINTIFF,           )    UNITED STATES' RESPONSE AND
                                   )    OPPOSITION TO DEFENDANT'S
12     V.                         )    MOTIONS IN LIMINE
                                   )
13  RANDY JOE DELACRUZ,            )    DATE: January 14, 2008
                                   )    TIME: 9:00 A.M.
14            DEFENDANT,           )
    _____)

15

16     The plaintiff, UNITED STATES OF AMERICA, by and through its

17  counsel, Karen P. Hewitt, United States Attorney, and Steve Miller,

18  Assistant United States Attorney, respectfully submits the following

19  response and opposition to defendant's motions in limine.

20                              I

21                      STATEMENT OF FACTS

22     In 1984, defendant RANDY JOE DELACRUZ was a private in the United

23  States Army serving in Germany.  On October 6, 1984, the defendant

24  went AWOL (absent without leave) and returned to his unit on November

25  4.  On November 9, 1984, defendant went AWOL again.  The next day, on

26  the 10th, defendant strangled his wife, Karin Delacruz, to death.

27  //

28  //

1    Defendant was apprehended by German police on November 11.  On

2  November 12, defendant threw hot coffee in the face of a police

3  officer and hit him over the head with a chair.

4    Defendant was court martialed, tried in New York and found guilty

5  of the murder, assault and being absent without leave.  On February

6  13, 1985, defendant was dishonorably discharged and sentenced to life

7  in prison.

8    On January 12, 2006, defendant was transferred from FCI Sheridan

9  to a Community Corrections Center in San Diego.  On June 2, 2006,

10  defendant left Correctional Alternatives to pick up his paycheck and

11  never returned.

12    On November 4, 2006, defendant was arrested by the police in

13  Monroe County, Iowa, when he strangled and digitally raped a woman.

14                                    II

15                          **POINTS AND AUTHORITIES**

16  A.    **Evidence of Defendant's Record is Admissible**

17    Defendant moves to exclude evidence of defendant's prior record

18  as prejudicial and as improper 404(b) evidence.  Defendant also claims

19  a lack of notice of the Government's intent to offer the 404(b)

20  evidence.  First of all, the Government gave explicit notice that it

21  reserved the right to offer evidence of defendant's past crimes in its

22  response and opposition to defendant's discovery motion.  Secondly, at

23  this time, the Government does not plan to offer evidence of

24  defendant's prior conduct in its case-in-chief.

25    However, one of the elements of the felony charge of escape is

26  that defendant must have been incarcerated for a felony.  Absent a

27  stipulation that defendant's term of imprisonment was imposed for a

28  felony, the Government will be compelled to offer evidence that

1 defendant was in the custody of the Bureau of Prisons because of his
2 life sentence for murder.

3      The Government is also required to prove that his absence from
4 the community corrections center was knowing and voluntary.  The
5 Government intends to call defendant's latest victim and the officer
6 from Iowa, to establish that when he was finally apprehended, he was
7 nowhere near San Diego waiting to voluntarily surrender himself.
8 Proof that defendant was in Iowa assaulting another woman also shows
9 that he was free of any compulsion to remain away from the location of
10 his incarceration.

11      **B.    609 Evidence of Defendant's Felony is Admissible**

12      Defendant moves to exclude evidence of defendant's felony
13 convictions for impeachment under Rule 609 of the Federal Rules of
14 Evidence.  Again, defendant also claims a lack of notice of the
15 Government's intent to offer the 609 evidence.  Unlike 404(b), Rule
16 609 does not require notice because the Government is in no position
17 to provide notice of defendant's intention to testify.

18      Furthermore, the primary policy and purpose behind the ability to
19 impeach a witness' testimony with prior felony convictions is that one
20 who has already committed a serious crime is not going to be a person
21 who will be morally bound by the mere oath or promise to tell the
22 truth.  If defendant elects to testify, the Government certainly plans
23 to establish that this murderer's word is not worth of belief.

24      **C.    The Indictment to the Jury Room**

25      Defendant moves to exclude the Indictment from the jury room
26 during deliberations.  The Government submits this issue to the courts
27 customary practice regarding this issue.

28

07CR2981LAB

**D.    Request for Grand Jury Transcripts**

Defendant moves for production of the Grand Jury Transcripts. If any witness at trial testified before the Grand Jury, the Government will produce those transcripts.

**E.    Separate Jury Instructions for the Jurors**

Defendant moves to provide a copy of the jury instructions to each juror. The Government submits this issue to the courts customary practice regarding this issue.

**F.    Attorney Conducted Voir Dire**

Defendant moves this court to permit attorney conducted voir dire. The Government submits this issue to the courts customary practice regarding this issue.

**G.    Motion to Exclude Statements**

Defendant moves to exclude his statements. The Government does not intend to offer any of defendant's statements in its case-in-chief.

Often defendant's have an overly expansive view of the definition of "statement." To clarify, the Government does intend to offer documents that contain defendant's signature acknowledging his responsibilities as an inmate of Correctional Alternative, Inc., and his signature signing out of the correctional center on the day he never returned.

DATED:    January 8, 2008,

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*Steve Miller*

STEVE MILLER
Assistant U.S. Attorney

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.07cr2981-LAB |
| Plaintiff, | ) ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) ) | |
| RANDY JOE DELACRUZ, | ) ) | |
| Defendant. | ) ) | |

IT IS HEREBY CERTIFIED THAT:

I, Maria I. Richardson, am a Citizen of the United States over the age of eighteen years and a resident of San Diego county, California.  My business address is 880 Front Street, San Diego, California 92101-8893.  I am not a party to the above-entitled action, and subsequent to filing with the clerk of the court, I have deposited in the internal mail collection system at the office of the U.S. Attorney, for deposit in the United States mail that same day in the ordinary course of business in a sealed enveloped, postage fully prepaid, a copy of   **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE and NOTICE OF NON-COMPLIANCE**   to:

**Shaffy Moeel**
**Federal Defenders of San Diego, Inc.**
**225 Broadway, Ste. 900**
**San Diego, CA   92101**

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 8th day of January, 2008.

Maria I. Richardson